UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY ANNE PARKES,<br><br>                       Plaintiff,<br><br>-against-<br><br>BROWARD COUNTY OFFICE OF MEDICAL EXAMINER & TRAUMA; FOREST LAW FUNERAL HOME & MEMORIAL GARDENS,<br><br>                       Defendants. | 25-CV-2307 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Tiffany Anne Parkes, who resides in New York County, brings this *pro se* action invoking the Court's diversity jurisdiction. She asserts claims arising from events related to her mother's death in Margate, Broward County, Florida. Named as Defendants are the Broward County Office of Medical Examiner & Trauma and the Forest Law Funeral Home & Memorial Gardens, both located in Fort Lauderdale, Broward County, Florida. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Southern District of Florida.

## DISCUSSION

    Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

    Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that both Defendants reside in Broward County, Florida, and that the events giving rise to her claims occurred in Broward County. Thus, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Venue for this action is proper in the Southern District of Florida under both Section 1391(b)(1) and Section 1391(b)(2). Accordingly, as venue lies in the Southern District of Florida, in the interest of justice, the Court transfers this action to the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 4, 2025
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge